UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KIRBY AMLEE, :
:
       Petitioner, :   Civ. No. 13-7525 (RBK)
:
v. :   **OPINION**
:
UNITED STATES OF AMERICA, et al. :
:
       Respondents. :
:

**ROBERT B. KUGLER, U.S.D.J.**

### I.   INTRODUCTION

Petitioner is a federal prisoner incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. Petitioner is currently serving a sentence of sixty-three months imprisonment after he pled guilty in the United States District Court for the Western District of Texas to one count of stealing United States property, one count of shipping and transporting ammunition by a prohibited person and one count of interstate transportation of stolen goods. Petitioner's sixty-three month sentence imposed by the Western District of Texas was ordered to run consecutively to another sentence imposed on petitioner by the United States District Court for the Middle District of North Carolina.

Petitioner is proceeding with a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner's application to proceed *in forma pauperis* will be granted based on

---

[1] Section 2241 states in relevant part:

   (a)   Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
   (c)   The writ of habeas corpus shall not extend to a prisoner unless –

the information provided therein. For the following reasons, the habeas petition will be dismissed due to a lack of jurisdiction.

## II.     BACKGROUND

The Western District of Texas set forth the procedural history of petitioner's conviction at issue in this federal habeas petition as follows:

> On June 15, 2006, Petitioner was indicted for stealing eight firearms which were the property of the United States, from the Fort Davis National Historical Site Museum (the Museum) in violation of 18 U.S.C. § 641, shipping one box of ammunition from Texas to North Carolina in violation of 18 U.S.C. § 922; and transporting in interstate commerce the eight stolen firearms in violation of 18 U.S.C. § 2314. On July 18, 2006, Petitioner signed his guilty plea agreement. On July 18, 2006, Petitioner entered his guilty plea. On May 21, 2008, Petitioner was sentenced.

(W.D. Tex. Crim. No. 06-0172, Dkt. No. 124 at p. 1. (internal citations omitted).)[2] Petitioner appealed the judgment and sentence to the United States Court of Appeals for the Fifth Circuit.

---

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
> (4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a) & (c).

[2] The Court takes judicial notice of the prior opinions in petitioner's federal criminal proceedings and subsequent federal habeas proceedings. *See McPherson v. United States*, 392 F. App'x 938, 940 n.1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings).

The Fifth Circuit affirmed the judgment and sentence on February 3, 2009. *See United States v. Amlee*, 308 F. App'x 862 (5th Cir. 2009) (per curiam).

On August 25, 2009, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Western District of Texas. (*See* W.D. Tex. Crim. No. 06-0172, Dkt. No. 64.) Petitioner raised claims of ineffective assistance of counsel, due process violations, *Miranda* violations, and sentencing enhancement issues amongst other claims. On March 24, 2011, the Western District of Texas denied petitioner's § 2255 motion on the merits and denied a certificate of appealability. (*See* W.D. Tex. Crim. No. 06-0172, Dkt. No. 124.) On March 7, 2012, the Fifth Circuit denied a certificate of appealability on petitioner's appeal of the denial of his § 2255 motion. (*See* W.D. Tex. Crim. No. 06-0172, Dkt. No. 131.)

Subsequently, petitioner applied to the Fifth Circuit to file a second or successive § 2255 motion. Ultimately, the Fifth Circuit denied petitioner's application to file a second or successive § 2255 motion by explaining that:

> Amlee has not shown that his claims are based on either newly discovered evidence showing that no reasonable factfinder would have found him guilty of the offense or a previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. *See* [28 U.S.C.] § 2255(h); 28 U.S.C. § 2244(b)(3)(C). He likewise has not shown that a constitutional violation has probably resulted in the conviction of one who is actually innocent, *see Schhlup v. Delo*, 513 U.S. 298, 327 91995), or that he was not legally eligible for the sentence he received. *See Smith v. Collins*, 977 F.2d 951, 959 (5th Cir. 1992).

(W.D. Tex. Crim. No. 06-172, Dkt. No. 138 at p. 2.)

In December, 2013, this Court received the instant § 2241 habeas petition. Petitioner raises a plethora of claims related to his criminal conviction in the Western District of Texas. He

raises claims of ineffective assistance of counsel, prosecutorial misconduct, *Miranda* violations and that he is factually innocent of sentencing enhancements amongst other claims.

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV. DISCUSSION

Petitioner is challenging the criminal conviction and sentence he received in the Western District of Texas in this § 2241 federal habeas action. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and

has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Accordingly, he has not shown that Section 2255 is inadequate or ineffective to test the legality of his federal incarceration. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal."). Furthermore, to the extent the habeas petition includes a claim that petitioner is factually innocent of a sentencing enhancement, such a claim does not satisfy the *Dorsainvil* exception. *See Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Therefore, this Court lacks jurisdiction to consider the instant habeas petition filed under 28 U.S.C. § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Petitioner has already raised claims attacking his criminal conviction from the Western District of Texas on direct appeal, in a § 2255 motion and in a motion to file a second or successive § 2255 motion. The Fifth Circuit affirmed the judgment of conviction on direct appeal, the Western District of Texas denied petitioner's § 2255 motion on the merits, the Fifth Circuit declined to grant a certificate of appealability and the Fifth Circuit denied petitioner's request to file a second or successive § 2255 motion. Based on these circumstances, this Court finds that it is not in the interest of justice to transfer this petition to the United States Court of Appeals for the Fifth Circuit as another request for leave to file a second or successive § 2255 motion.

### V. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED:   February 26, 2014

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge