UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
KIRBY AMLEE,                              :
                                          :
       Petitioner,                       :    Civ. No. 13-7525 (RBK)
                                          :
v.                                        :    **OPINION**
                                          :
UNITED STATES OF AMERICA, et al.,         :
                                          :
       Respondents.                      :
_____ :

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

## I.    INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 26, 2014, this Court dismissed the petition for lack of jurisdiction. Presently pending before the Court is petitioner's motion for reconsideration of the Court's February 26, 2014 Opinion and Order. Accordingly, the Clerk will be ordered to reopen this case. For the following reasons, petitioner's motion for reconsideration will be denied.

## II.    BACKGROUND

As the Court recited the procedural and factual background giving rise to this petition in the February 26, 2014 Opinion, only a brief recitation of the factual background is warranted. In 2006, petitioner pled guilty in the United States District Court for the Western District of Texas to stealing United States property, shipping and transporting ammunition by a prohibited person and interstate transportation of stolen goods. The United States Court of Appeals for the Fifth Circuit affirmed the judgment and conviction. *See United States v. Amlee*, 308 F. App'x 862 (5th Cir. 2009) (per curiam). Subsequently, petitioner's § 2255 motion was denied by the

Western District of Texas and the Fifth Circuit denied a certificate of appealability. Thereafter, petitioner's application to file a second or successive § 2255 with the Fifth Circuit was denied.

In December, 2013, petitioner filed the instant § 2241 habeas petition in this Court. Petitioner raised numerous claims contesting his criminal conviction in the Western District of Texas, including ineffective assistance of counsel, prosecutorial misconduct, *Miranda* violations and that he is factually innocent of sentencing enhancements amongst other claims.

On February 26, 2014, this Court dismissed the petition due to a lack of jurisdiction. The Court noted that petitioner failed to show that resorting to a § 2255 petition was inadequate or ineffective. More specifically, the Court found that petitioner did not meet the *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) requirement which allows a petitioner to resort to § 2241 when a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in law may negate[.]"

Thereafter, on March 10, 2014, the Court received petitioner's motion for reconsideration. Petitioner claims in his motion that § 2255 is inadequate or ineffective because the Western District of Texas and the Fifth Circuit "failed to address [his] arguments presented, or failed to understand [his] version of the arguments presented[.]" (Dkt. No. 5 at p. 2.)

### III.   DISCUSSION

A. <u>Legal Standard for Reconsideration</u>

Motions for reconsideration are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and

reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

  B. <u>Analysis</u>

Petitioner's motion for reconsideration rehashes the arguments petitioner made in his original habeas petition. It does not state (1) an intervening change in controlling law; (2) new evidence that was not available when the Court issued its February 26, 2014 Opinion and Order; or (3) the need to correct a clear error of law or to prevent manifest injustice. Instead, petitioner's motion for reconsideration argues that the Western District of Texas and the Fifth Circuit erred in deciding his § 2255 actions contesting his federal criminal judgment and sentence. As such, the Court properly determined that petitioner lacked habeas jurisdiction under § 2241. Petitioner failed to show that § 2255 was inadequate or ineffective as he did not show that he had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Dorsainvil*, 119 F.3d at 251). Therefore, petitioner's motion for reconsideration will be denied.

## IV. CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration will be denied. An appropriate order will be entered.


DATED: March 19, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
